UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED

2020 JAN 21 PM 2:59

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

Antonia Sophie Richmond

Plaintiff

CASE NUMBER: 8:19-cv-2865-T-36AAS

① v. Polk County Health Dept/Florida Health Department
② Joy Jackson
③ Tammy Durden
④ Leroy Dut
⑤ Lisandra Sanchez-Crespo

Defendant

Amended Complaint

Case 8:19-cv-02865-CEH-ASS

Racial and gender discrimination, retaliation and unlawful termination

My name is Antonia Richmond, I live at 237 Majestic Gardens Lane, Winter Haven, in Polk County Florida, U.S.A.

I am a 57-year-old black female who earned two doctoral degrees, one in medicine and the other, in public health as such, I am qualified for the positions I held and for any other positions to which I applied. I was employed in the outreach section at Polk County health from December 19, 2014 until September 4, 2018.

The defendants:

    i.    Polk County Health Department
    ii.    Joy Jackson
    iii.    Leroy Dux
    iv.    Tammy Durden
    v.    Lisandra Crespo-Sanchez

The defendants were or may still be employees at Polk County Health Department.

Factual allegations:

1. Defendant #1: Polk County Health Department:

I am suing Polk County Health Department for non-payment of wages, a violation of my civil rights under the Fair Labor Standards Act (FLSA), Title VII of the Civil Rights Act.

From about June of 2016 to January 2017 although I worked in the outreach section of the health department, I was assigned by Leroy Dux and Lisandra Sanchez-Crespo an additional position as the prenatal care coordinator in the clinic section of the health department when the position was vacated. I was promised a pay of $20 and hour for 20 hours per week. However, I was not paid for my duties despite the promise from Tammy Durden during a general staff meet that she was "working on it". The position was subsequently assigned to a new employee when I went on Family Medical Leave.

I am a black female and was denied payment, but another employee who is white was given an additional position and paid accordingly.

Relief: I am seeking $10,400 the approximate amount for payment of wages from June 2016 to January 2017.

2. Defendant # 2; Joy Jackson:

The defendant, a white female, was the medical director of the Polk County Health Department.

    i.    As the medical director, the defendant engineered, coordinated, oversaw and championed violations against my civil rights perpetrated by her subordinates.

    ii. The defendant engineered, coordinated, oversaw and championed the violations under the Fair Labor Standards Act by ensuring that I did not get paid for the additional position to which I was assigned.

    iii. In March 2018 the defendant informed the Office of Inspector General that she and the health department had the right to assign educational qualifications and appellation to employees. Evidence does not support her false statement because others who are white with doctoral degrees were referred to as doctors regardless of their educational discipline.

    iv. On or about September 4 the defendant authorized my termination and signed off on my termination, a retaliation for my reports to the Office of Inspector General and Office of General Counsel.

3. Defendant #3; Tammy Durden:

The defendant, a white female, and a nurse with a bachelor's degree was the director of nursing services for most of the time of my employment.

    i. On or about September 2016 Tammy Durden violated my civil rights, as per the Civil Rights Act of 1964 by discriminating against my sex and race. She stated that although I earned two doctoral degrees, one in medicine and the other in public health, I should not refer to myself as doctor. Yet, another employee who was male and white with a medical degree; also, without a medical license was referred to as doctor and had his name as doctor Ovidiu on a health department created logo hanging by his door.

    ii. The defendant collaborated with the other defendants to violate my rights under the Fair Labor Standards Act (FLSA). Despite a promise at a general staff meeting that she was processing the payment for my additional position as a prenatal care coordinator, she did nothing about it.

4. Defendant # 4; Leroy Dux:
The defendant, a white male violated my civil rights law and fired me in retaliation for filing a complaint against him and others in the Polk County Health Department. He also violated my First Amendment Act on free speech.

    i. On or about November 2017 the defendant cited me for insubordination because I refused his order to practice medicine without license, which violated Title XXXII Chapter 456 and is punishable by imprisonment and or fine. I filed formal complaint to the Office of Inspector General and Office of General Counsel about the matter and cited several instances of abuse of power and discrimination against me.

    ii. From about March 2018 after the conclusion of investigations until September 4, 2018 when I was fired, the dependent began to violate my rights according to the Civil Rights Act of 1964 through the following ways:

a. The defendant and Lisandra Sanchez-Crespo created and fostered a hostile work environment for me;

b. The defendant and Lisandra Sanchez-Crespo, another defendant, ordered me not to refer to myself as doctor and that people who were not medical doctors were not referred to as

    doctors. Yet, in email notifications of appointments of employees with non-medical degrees, they were referred to by the appellation, doctor.
    c. The defendant and Lisandra Sanchez-Crespo denied or interrupted my lunchtime on several occasions

(c) He stalked me to the local Walmart during my lunch time

(d) He came to by my car when I was on the phone during my lunchtime to eavesdrop on my phone conversations

(e) The defendant and Lisandra Sanchez-Crespo ordered me to email him and other supervisors the names of patients and their addresses on my home visits to link patients to care. No other employee was given the same order.

(f) The defendant and Lisandra Sanchez-Crespo ordered me to perform phlebotomy without a license which also delays patients' results for HIV and other sexually transmitted disease;

(g) The defendant and Lisandra Sanchez-Crespo invited me for weekly meetings with false allegations such as, I called attended to a patient out of order, or I attended to couples together.

(h) The defendant and Lisandra Sanchez-Crespo prevented me from applying for a newly created promotional position for which the new employee with an associate degree became my supervisor. They had informed me that I would not be hired for the position.

(i) The defendant hired people who were less qualified than me, to take other supervisory positions over me.

(j) No other employee who was white was treated in similar manner

    d. On August 16, 2018 Leroy Dux violated my First Amendment Right of free speech when during a meeting he yelled at me, stating that I had no right to ask an important public health question. He also violated my civil rights according to the Civil Rights Act of 1964 by singling me out constantly harassing me at work but did not treat others who were white or female the same.

    e. The defendant collaborated with the other defendants to violate my rights under the Fair Labor Standards Act (FLSA) by not working to authorize the payment for my additional position as a prenatal care coordinator.

    f. The defendant denied me promotional opportunities by canceling positions after I had applied and been interviewed only to repost the positions so as to hire people who were less qualified than me.

    g. No other employee in that health department who was white was treated in similar manner in any of the circumstances I outlined.

5. Defendant #5; Lisandra Sanchez-Crespo:

Lisandra Sanchez-Crespo, a Hispanic female, with a bachelor of Arts degree was the HIV and Hepatitis Coordinator at the Polk County Health Department most of my employment period.

i. The defendant violated my civil rights by ordering me to diagnose patients without a medical license, an offence that is punishable by imprisonment and or fine.

ii. The defendant violated my civil rights by coordination with Leroy Dux another defendant to discriminate against me and foster a hostile work environment.

iii. The defendant referred to me as honey
iv. The defendant and Leroy Dux, another defendant, ordered me not to refer to myself as doctor despite my dual doctoral degrees. Yet, in email notifications of appointments of employees with non-medical degrees, they were referred to by the appellation, doctor if they earned doctoral degrees.
v. The defendant and Leroy Dux called me in weekly for meetings with false allegations such as, I called attended to a patient out of order, I attended to couples together or took too long attending to patients.
vi. The defendant and Leroy Dux prevented me from applying for a position that was a promotional opportunity by telling me that I would not be hired for the position.
vii. The defendant and Leroy Dux, another defendant denied or interrupted my lunchtime on several occasions;
viii. the defendant stood by me or my car to eavesdrop on my phone conversations during my phone conversations.
ix. The defendant and Leroy Dux ordered me to email him and other supervisors the names of patients and their addresses of whom I was to conduct home visits to link to care. Other employees who were white were only instructed to inform their direct supervisors of their trips.
x. The defendant and Leroy Dux ordered me to perform phlebotomy without a license and prevented me from using available rapid tests that yielded immediate, on patients. This was done to punish me because of my report in the matter because all other employees who performed the same tasks were trained in phlebotomy. Also, the result of this type of test took at least weeks to return as such, was a disservice to the African-American community whose number of infection in HIV and other sexually transmitted diseases is disproportionately higher than others of different races.
xi. No other employee in that health department who was white was treated in similar manner in any of the circumstances I outlined.

Relief:

As a result of my termination from Polk County Health Department, I lost the opportunity to practice public health which was my sole purpose of obtaining a doctoral degree in Public Health. I also lost health care coverage as well as the opportunity to contribute to my retirement account. Therefore, I seek from each defendant individually and collectively as well as from Polk County Health Department their employers twenty-two million dollars ($22,000,000) for the pain and suffering they have caused and continue to cause me.

Antonio Richmond
237 Majestic Gardens Lane
Winter Haven, Florida 33880
863 608 8671